## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF OKLAHOMA

KENNETH L. MANGRUM, )
)
Plaintiff, )
)
v. ) Case No. CIV-14-085-RAW-KEW
)
CAROLYN W. COLVIN, Acting )
Commissioner of Social )
Security Administration, )
)
Defendant. )

**REPORT AND RECOMMENDATION**

Plaintiff Kenneth L. Mangrum (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and REMANDED for further proceedings.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ."

42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

**Claimant's Background**

Claimant was born on October 6, 1949 and was 63 years old at the time of the ALJ's decision. Claimant completed his high school education and some vocational training. Claimant has worked in the past as a auto body repairer and salesman of rock and landscape

3

materials. Claimant alleges an inability to work beginning September 18, 2003 due to limitations resulting from respiratory problems.

## Procedural History

On August 1, 2011, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. An administrative hearing was conducted by Administrative Law Judge Edmund C. Werre ("ALJ") on December 6, 2012 in Tulsa, Oklahoma. The ALJ issued an unfavorable decision on January 23, 2013. On January 31, 2014, the Appeals Council denied review. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step two of the sequential evaluation. He determined that Claimant did not suffer from any severe impairment or combination of impairments.

## Error Alleged for Review

Claimant asserts the ALJ committed error in (1) rejecting the opinion of Claimant's treating physician; and (2) finding at step two that Claimant's breathing impairments were not severe.

4

## Consideration of the Treating Physician's Opinion

In his decision, the ALJ determined Claimant suffered from the medically determinable impairments of degenerative disc disease of the thoracic spine, chronic bronchitis/COPD/allergic rhinitis, history of carpal tunnel syndrome release, and deformity of the left kidney. (Tr. 54). He concluded, however, that these impairments did not significantly limit Claimant's ability to perform basic work activities for twelve consecutive months and, therefore, the impairments or combination of impairments were not severe. (Tr. 54). Based upon these findings, the ALJ concluded Claimant was not disabled from September 18, 2003, the alleged onset date, through September 30, 2009, the date last insured. (Tr. 56).

Claimant contends the ALJ failed to properly evaluate the opinion of her treating physician, Dr. Tin M. Thein. On September 17, 2003, Dr. Thein examined Claimant and found x-rays indicated mild changes in the lower lungs only. No significant evidence of chronic obstructive pulmonary disease or other findings were noted. Claimant was found to have chronic bronchitis with thick mucous phlegm. Dr. Thein noted harsh vesicular breath sounds with scattered minimal rhonchi, no basilar rales, and no expiratory prolongation. Dr. Thein assessed Claimant with chronic bronchitis

5

with recurrent exposure to dust, fumes, paints, etc. He suggested Claimant to change his job situation as soon as possible so that he would not be exposed to allergens and dust all of the time. He prescribed Albuterol. (Tr. 226).

Dr. Thein then authored a letter dated September 18, 2003 in which he stated that Claimant had chronic bronchitis since he had been exposed to dust, fumes, paint, and all allergens to which he should not be exposed. Dr. Thein advised that Claimant avoid these allergens to prevent further worsening of his lung functions. (Tr. 272).

The ALJ acknowledged Dr. Thein's report and his findings. (Tr. 55). He also noted the report of Dr. Jeannie White which supported the finding that Claimant's condition worsened when he returned to work and was exposed to the allergens but improved when he was away from these substances. Id. He determined, however, that the medical evidence from 2003 showed treatment for chronic bronchitis but concluded that "these sources and notes do not provide enough additional medical evidence to determine that the claimant was disabled prior to the date he was last eligible to receive Title II disability benefits." (Tr. 56).

In deciding how much weight to give the opinion of a treating physician, an ALJ must first determine whether the opinion is

entitled to "controlling weight." Watkins v. Barnhart, 350 F.3d 1297, 1300 (10th Cir. 2003). An ALJ is required to give the opinion of a treating physician controlling weight if it is both: (1) "well-supported by medically acceptable clinical and laboratory diagnostic techniques"; and (2) "consistent with other substantial evidence in the record." Id. (quotation omitted). "[I]f the opinion is deficient in either of these respects, then it is not entitled to controlling weight." Id.

Even if a treating physician's opinion is not entitled to controlling weight, "[t]reating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. § 404.1527." Id. (quotation omitted). The factors reference in that section are: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion. Id. at 1300-01 (quotation omitted).

7

After considering these factors, the ALJ must "give good reasons" for the weight he ultimately assigns the opinion. 20 C.F.R. § 404.1527(d)(2); <u>Robinson v. Barnhart</u>, 366 F.3d 1078, 1082 (10th Cir. 2004)(citations omitted). Any such findings must be "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinions and the reason for that weight." <u>Id</u>. "Finally, if the ALJ rejects the opinion completely, he must then give specific, legitimate reasons for doing so." <u>Watkins</u>, 350 F.3d at 1301 (quotations omitted).

The ALJ did not provide the necessary analysis of Dr. Thein's opinion as required by <u>Watkins</u>. The ALJ's only finding on weighing opinion evidence was his comment that he gave "great weight" to the opinions of the state agency physicians of insufficient evidence of a severe impairment at the date last insured. (Tr. 56). On remand, the ALJ shall re-evaluate Dr. Thein's opinions on the necessity for environmental restrictions, including an express statement of the weight afforded this opinion of a treating physician and the basis for it.

**Step Two Analysis**

Claimant contends the ALJ's finding of non-severity at step two was not supported by substantial evidence. At step two,

8

Claimant bears the burden of showing the existence of an impairment or combination of impairments which "significantly limits [his] physical or mental ability to do basic work activities." 20 C.F.R. § 416.920(c). An impairment which warrants disability benefits is one that "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382c(a)(1)(D). The severity determination for an alleged impairment is based on medical evidence alone and "does not include consideration of such factors as age, education, and work experience." Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988). The burden of showing a severe impairment is "de minimis," yet the presence of a medical condition alone is not sufficient at step two. Hinkle v. Apfel, 132 F.3d 1349, 1352 (10th Cir. 1997); Soc. Sec. R. 85-28.

A claimant's testimony alone is insufficient to establish a severe impairment. The requirements clearly provide:

> An individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability as defined in this section; there must be medical signs and findings, established by medically acceptable clinical or laboratory diagnostic techniques, which show the existence of a medical impairment that results from anatomical, physiological, or psychological abnormalities which could reasonably be expected to produce the pain or other symptoms alleged and which, when considered with all evidence required to be furnished under this

paragraph (including statements of the individual or his physician as to the intensity and persistence of such pain or other symptoms which may reasonably be accepted as consistent with the medical signs and findings), would lead to a conclusion that the individual is under a disability. Objective medical evidence of pain or other symptoms established by medically acceptable clinical or laboratory techniques (for example, deteriorating nerve or muscle tissue) must be considered in reaching a conclusion as to whether the individual is under a disability.

42 U.S.C.A. § 423(d)(5)(A).

The functional limitations must be marked and severe that can be expected to result in death or to last for a continuous period of not less than 12 months. 42 U.S.C. § 1382c(a)(1)(C)(i); 20 C.F.R. § 416.927(a)(1).

Depending upon the proper weighing of Dr. Thein's opinion, Claimant may have met his burden of demonstrating that his respiratory problems have more than a minimal impact upon his ability to engage in basic work activities. Indeed, the ALJ recognized the findings of Dr. Jeannie White which found inspiratory wheezing in both lungs and provided medication for the condition. (Tr. 221-22). Claimant also saw Dr. Richard Beckendorf in February of 2003 who "most likely" diagnosed Claimant with Reactive Airway Dysfunction Syndrome. He could not rule out an additional role of allergies and asthma. Dr. Beckendorf prescribed Advair, prednisone, Combivent MDI, and Singulair. (Tr. 219-20). On remand, the ALJ shall re-evaluate his step two findings and determine whether Claimant has met the "de minimis" requirements

for demonstrating a severe breathing impairment with environmental restrictions requiring the ALJ to proceed into the subsequent steps of the sequential evaluation.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **REVERSED and the matter REMANDED** for further proceedings consistent with this Order.

The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 30th day of April, 2015.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE